IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
17 DEC 12 AM 9:49
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD
    DEPUTY CLERK

| | | |
|---|---|---|
| CHARLES OLETHA HOUSTON | § | |
| | § | |
| V. | § | A-17-CV-1050-SS |
| | § | |
| LORIE DAVIS | § | |

## ORDER

Before the Court are Petitioner Charles Oletha Houston's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and response to the Court's order to show cause (Document 5). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, Petitioner's application is dismissed.

### I. STATEMENT OF THE CASE

**A.  Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas. After entering a guilty plea, Petitioner was convicted of aggravated sexual assault. The court sentenced Petitioner to 25 years in prison. Petitioner admits he did not appeal his conviction. He did, however, challenge his conviction in a state application for habeas corpus relief. Petitioner indicates he filed his state application on April 10, 2017. The Texas Court of Criminals appeals denied the application on June 14, 2017.

**B.  Petitioner's Grounds for Relief**

Petitioner asserts he was denied an examining trial and he received ineffective assistance of counsel.



## II. DISCUSSION AND ANALYSIS

### A. Statute of Limitations

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. Application

Petitioner's conviction became final before the enactment of the AEDPA. Therefore, Petitioner had until April 24, 1997, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until November 1, 2017, more than 20 years after the limitations period had expired.

Petitioner appears to suggest in his response to the Court's show cause order that his claim did not arise until June 15, 2015, when a new state law was implemented. If this were the case, Petitioner had until June 15, 2016, to timely file his federal application. As mentioned above, Petitioner did not execute his federal application until November 1, 2017.

Petitioner's state application did not operate to toll the limitations period, because it was filed April 10, 2017, after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

Petitioner also has not shown he was actually innocent under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence"

in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

## III. CONCLUSION

Petitioner's application for writ of habeas corpus is dismissed as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court shall not issue a certificate of appealability.

It is therefore **ORDERED** that the Application for Writ of Habeas Corpus (DE 1) is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** this 11th day of December 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE